UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**TERRY DALE RAY**                                              **PETITIONER**
**#31931-064**

**V.**                          **No. 2:23-CV-00072-LPR-ERE**

**JOHN P. YATES, Warden, FCI – Forrest City, Arkansas[1]**      **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

## I.     Introduction

On March 27, 2023, Terry Dale Ray, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed a 28 U.S.C. § 2241 petition for a writ of

---

[1] Because Mr. Ray is incarcerated at FCI – Forrest City, Arkansas, the proper Respondent is "C. Edge, Acting Warden FCI – Forrest City, Arkansas." *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

Accordingly, the Clerk of the Court is directed to change Respondent to "C. Edge, Acting Warden FCI – Forrest City, Arkansas."

habeas corpus alleging: (1) due process violations during his disciplinary hearing, which resulted in the loss of good time credits and a suspension of privileges; and (2) an Eighth Amendment violation because, after being found incapacitated in his cell, he was taken directly to the special housing unit ("SHU") rather than the medical department. *Doc. 1 at 5, 6-7.* Respondent filed a brief in opposition. *Doc. 6.* Mr. Ray filed a reply on May 25, 2023. *Doc. 8.*

For the reasons explained below, Mr. Ray's habeas petition should be dismissed, without prejudice.

## II.     Discussion

### A.     Factual Background

On October 7, 2022, BOP staff found Mr. Ray alone and face-down in his cell lying in vomit. *Doc. 1 at 28.* Mr. Ray was semi-responsive with slurred speech; had reddened, glassy eyes; could not control his movements; and needed help to sit and stand. The cell smelled of a burning substance. Paraphernalia for smoking, presumed K-2 synthetic marijuana, smoking residue, and unidentifiable burned substances were discovered near Mr. Ray in his cell. Mr. Ray told staff that he smoked what he thought was tobacco and took some pills called "brown bombers." *Id.* Staff escorted Mr. Ray to the SHU to be monitored until medical staff arrived. While there, he refused to take a breathalyzer or provide a urine sample. *Id.*

According to Mr. Ray, he has a history of severe migraines, and he had a "medical episode" which cause him to faint and vomit. *Doc. 1 at 11, 13*. Mr. Ray asserts that, when staff responded, he was "incapacitated" and remembers nothing until he "regained consciousness" in the SHU. *Id. at 14.* He submits affidavits from fellow inmates averring that he does not use drug or alcohol, has a history of migraines, and takes strong medication.[2] *Id. at 29-46.*

The incident was referred to a disciplinary hearing officer ("DHO"). DHO Glasgow[3] held a hearing on October 24, 2022, and he issued a final report on March 23, 2023.[4] He found Mr. Ray guilty of disciplinary infractions for disruptive conduct and using drugs/alcohol not prescribed by medical staff. *Doc. 6-1 at 2.* As punishment, Mr. Ray: (1) lost 41 days of good time credit ("GTC"); and (2) lost commissary, phone, and visitation privileges for 180 days. *Id at 5.*

---

[2] The affidavits are nearly identical and in the same handwriting as Mr. Ray's petition. The only difference between them is the date and the affiant's name and signature.

Even if the Court were to reach the merits of Mr. Ray's due process claims, it would not allow Mr. Ray to relitigate the discipline proceeding by presenting new evidence that was not presented during the hearing. On the substantive due process question, the Court's inquiry would be limited to determining whether "some evidence" supports the guilty finding. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985) (holding that a disciplinary decision must be supported by "some evidence" and the Court's review is limited and "does not require an examination of the entire record, independent assessment of witness credibility, or weighing of the evidence.").

[3] DHO's Glasgow's first name does not appear on the hearing decision.

[4] The DHO decision explains that the delay between the hearing and final decision was "due to unforeseen reasons (scheduled leave, regular duties, staff shortages, institution emergencies, excessive number of disciplinary hearing[s] being conducted, etc.)." *Doc. 6-1 at 4.*

During the hearing and in his habeas petition, Mr. Ray argued that he was not under the influence of drugs but threw up because of his medications. *Doc. 6-1 at 1; Doc. 1 at 7, 11.* However, in his reply, he admits that he took five "brown bombers (oxcarbazepine)" in less than an hour and that "a pair of tweezers with . . . tobacco" was found in his cell. *Doc. 8 at 1-2.*

Mr. Ray's March 27, 2023, petition alleges the disciplinary hearing process and conviction violated his due process rights and that he was subjected to cruel and unusual punishment by being taken to the SHU rather than directly to be seen by medical staff. *Doc. 1 at 7.*

For relief, Mr. Ray seeks restoration of his forfeited good time credit and lost privileges and expungement of his "false disciplinary records." *Doc. 1 at 8.*

**B.      The Eighth Amendment Claim is Not Cognizable Via Habeas.**

Mr. Ray cannot pursue a habeas claim and Eighth Amendment claim in the same lawsuit. Regardless of the relief sought, Eighth Circuit "precedent precludes conditions-of-confinement claims using the vehicle of a habeas petition." *Spencer v. Haynes*, 774 F.3d 467, 468 (8th Cir. 2014). "Where a petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state [or federal] custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996).

It is not necessary to give Mr. Ray the option of converting this habeas case to a civil rights action in order to pursue his Eighth Amendment claim. *Spencer*, 774 F.3d at 471. The fact that Mr. Ray was taken to the SHU – to await treatment by medical staff, which was later provided – rather than directly to "the medical department or a local hospital" fails to state a plausible Eighth Amendment deliberate indifference claim.[5] Additionally, his only alleged injury from this delay is feeling "degraded." *Doc. 1. at 7*.

Because Mr. Ray's proposed Eighth Amendment claim is subject to dismissal on screening, it also should be dismissed without prejudice. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face.").

### C.    The Habeas Claim Should Be Dismissed For Failure to Exhaust.

A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). This judicially created exhaustion requirement is not mandated by statute or

---

[5] "[D]eliberate indifference serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" and violates the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (cleaned up). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. *Id. at 575*. A defendant is liable only if their actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997) (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

a jurisdictional prerequisite, see *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir.

2007), but its fulfillment promotes several purposes:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Gonzalez v. Yates*, No. 2:22-CV-00243-LPR-PSH, 2023 WL 2916677, at *3 (E.D.

Ark. Apr. 12, 2023) (citing *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976)).

The BOP has a three-step administrative process for appealing adverse DHO

reports. "Specifically, Administrative Directive 17-08 . . . provides that disciplinary

convictions must be appealed on a 'Major Disciplinary Appeal Form' (instead of a

Unit Level Grievance Form) sent to the Warden, the Disciplinary Hearing

Administrator, and then the ADC Director." *Blackston v. Kelley*, No. 5:18CV00058-

JM-JJV, 2018 WL 3685436, at *4 (E.D. Ark. July 16, 2018).[6]

Mr. Ray admits he did not fully exhaust his administrative remedies, because

he got tired of waiting for a final report. On November 2, 2022 (just nine days after

the hearing), Mr. Ray filed an informal resolution attempt complaining that he had

yet to receive the final DHO report. *Doc. 1 at 27*. He was advised that the report was

not complete and that his appeal time did not commence until the date he received

---

[6] Report and recommendation adopted, No. 5:18CV00058-JM-JJV, 2018 WL 3660341 (E.D. Ark. Aug. 2, 2018).

the report. *Id.* Unhappy with the response, Mr. Ray filed a request for administrative remedy complaining about the delay in the final report being issued. The request was denied on January 23, 2023. *Id. at 26.* On March 27, 2023, Mr. Ray filed the habeas petition before the Court alleging that the delay in receiving the final report prevented him from appealing the disciplinary conviction. *Doc. 1 at 2, 12*.

The undisputed record shows that on April 12, 2023, at 15:15, Mr. Ray received and signed a copy of the final report. *Doc.6-1 at 5.* The time to appeal commenced on that date. However, Mr. Ray already had initiated this habeas petition, which was filed four days *after* the DHO's report was finalized, but before Mr. Ray received it. Mr. Ray elected to continue to pursue this habeas action and made no effort to appeal his disciplinary conviction.

While Mr. Ray's frustration at the several month delay between the hearing and in receiving the DHO's final report may be understandable, it does not excuse his admitted failure to exhaust his administrative remedies with the BOP.  Mr. Ray asserts that exhaustion would be futile because of the delay in receipt of the final report. *Doc. 1 at 4.* This conclusory statement is insufficient to avoid the exhaustion requirement. Mr. Ray made the decision to forego the BOP appeal process and to pursue relief in federal court.[7]

---

[7] Additionally, it is possible that Mr. Ray may still have time to attempt to exhaust his administrative remedies, after which he can refile his petition. And he has ample time to do so before being impacted by the loss of good time credits. The BOP's website currently lists his

Under these circumstances, the Court should decline to excuse Mr. Ray's failure to exhaust his administrative remedies.

## III.   Conclusion

IT IS HEREBY RECOMMENDED that Petitioner Terry Dale Ray's petition for writ of habeas corpus (*Doc. 1*) be dismissed, without prejudice.

Dated 20 September 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

release date as January 10, 2025. See bop.gov/inmateloc (last accessed June 8, 2023).